JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

16-CV-5132

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANWAR CAPERS

**(b)** County of Residence of First Listed Plaintiff: PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Pileggi
303 Chestnut Street
Philadelphia PA     215-627-8516

## DEFENDANTS
CITY OF PHILADELPHIA, et al

County of Residence of First Listed Defendant: PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

16 5132

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause: Police Misconduct

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE DIAMOND      DOCKET NUMBER 13-2773

DATE 9/27/16
SIGNATURE OF ATTORNEY OF RECORD
Michael Pileggi

SEP 27 2016

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Anwar Capers : CIVIL ACTION
:
City of Philadelphia, et al. : 16  5132
: NO.

PD

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court. (See reverse side of this form for a detailed explanation of special
  management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

9/27/16             Michael Pleggi         Anwar Capers
Date               Attorney-at-law         Attorney for

215-627-8516        215-627-5105           PIL423@AOL.com
Telephone           FAX Number             E-Mail Address

(Civ. 660) 10/02

SEP 27 2016

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

16    5132

Address of Plaintiff: _____

Address of Defendant: 1515 Arch Street Phila PA

Place of Accident, Incident or Transaction: 201 West Lehigh Avenue Phila. PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: 13-2773   Judge Diamond   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____  _____   _____
                        Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

SEP 27 2016

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/27/16   Michael Pizzi   61558
                 Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

  

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANWAR CAPERS** <br> **Plaintiff** <br><br> vs. <br><br> **THE CITY OF PHILADELPHIA, PHILADELPHIA POLICE OFFICER SPICER, BADGE # 5180, PHILADELPHIA POLICE OFFICER BETTS, BADGE # 6761, PHILADELPHIA POLICE OFFICER LICIARDELLO, BADGE # 4383; PHILADELPHIA POLICE SGT. MCCLOSKEY, BADGE # 331, individually and in their capacity as police officers** <br> **Defendants** | **JURY TRIAL DEMAND** <br><br> **16 5132** <br><br> **C.A. No. 16-** <br> **LEAD DOCKET NO.** <br> **13-2773** |

**FILED**

**COMPLAINT**

SEP 27 2016

LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action under 42 U.S.C. §1983 seeking redress for the extraordinary misconduct of five Philadelphia police officers who used improper and unconstitutional means to secure search warrants by deception and misrepresentation, search persons and property, and subject citizens to unlawful arrest, detention and prosecution. The actions and conduct of the Defendant police officers were the result of policies, practices, customs, and deliberate indifference on the part of Defendant City of Philadelphia, including the failure to take disciplinary and remedial action against the Defendant officers and other Philadelphia police officers despite documented records of misconduct and abuses of authority.

## II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1331 and 1343(1), (3), (4) and the aforementioned statutory provision.

### III. PARTIES

3. Plaintiff, Anwar Capers is an adult male who was at all times relevant to its Complaint, a resident of Philadelphia, Pennsylvania.

4. Defendant City of Philadelphia is a City of the First Class in the Commonwealth of Pennsylvania and at all times relevant hereto operated under the color of state law in creating and maintaining a Police Department, was the employer of all Defendants and had the responsibility of adopting policies, implementing procedures and practices which would create an environment whereby citizens would be safe from police abuse.

5. Defendant Spicer, Badge number 5180, is and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

6. Defendant Betts, Badge number 6761, is and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

7. Defendant Liciardello, Badge number 4383, is and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

8. Defendant McCloskey, Badge number 331, is and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

## IV. FACTS

9. For more than twenty years, Philadelphia police officers assigned to various narcotics units have engaged in a pattern and practice of securing search warrants based on fraud and misrepresentation, the misuse of informants, the improper execution of search warrants, the falsification of evidence, the destruction and theft of personal property, and related misconduct.

10. The City of Philadelphia has failed to take appropriate remedial measures to prevent misconduct of this nature.

11. On November 4, 2006, while acting on information provided by a confidential source, Defendants had the source call Marquis Davis offering to buy cocaine. The source informed Mr. Davis that he would meet him at a gas station at 201 West Lehigh Avenue, Philadelphia.

12. Mr. Davis arrived with two other individuals, driver Taalib Weaks and Plaintiff, Anwar Capers who was seated in the front passenger seat.

13. Defendants were present at the gas station when Plaintiff and the others arrived.

14. Without warning, cause or justification, Defendants jumped out of their vehicle and placed Mr. Davis and Mr. Weaks under arrest.

15. Plaintiff ran from the automobile and was chased by the Defendants.

16. When caught Plaintiff was beaten and knocked unconscious. Plaintiff sustained a broken nose.

17. Defendants confiscated narcotics and a weapon from the other individuals.

18. Confiscated from the Plaintiff were two (2) plastic jars of marijuana.

19. The Defendants brought the source to the scene where the source was unable to identify the Plaintiff as anyone involved in the criminal activity the source provided.

20. The Defendant Officers and other officers all gave false statements concerning the incident described in the complaint.

21. The Defendant Officers and other officers prepared and caused to be prepared police paperwork misrepresenting the events that led to the arrest of the Plaintiff for the incident described in this complaint. Those misrepresentations included, but were not limited to:

   a. That they had probable cause to arrest the Plaintiff;

   b. That they had reasonable justification to use force in arresting the Plaintiff;

   c. That the source identified the Plaintiff as someone involved in the criminal activity; and

   d. That the Defendant Officers lied about the times of their activities; the times indicated in their reports of events which did not occur; this was done to conceal their illegal activities.

22. Defendant Officers were aware of exculpatory information about the Plaintiff.

23. The Defendant Officers failed to provide exculpatory information known to them to the Plaintiff or his criminal counsel via police paperwork or any other means after the arrest.

24. The exculpatory information known to police that was not provided to the Plaintiff included the real facts and circumstances of the incident.

25. The misrepresentations contained in arrest report and property receipt were material to the probable cause determination of the arrest; indeed, without these allegations, the probable cause required for Plaintiff's arrest contain no cause or reason to warrant the arrest.

26. Plaintiff obtained criminal counsel to represent him.

27. On September 8, 2008, because Plaintiff was faced with the prospect of years of imprisonment, he tendered a plea of guilty for narcotic related offenses of 3 years of incarceration.

28. In December 2012, the Philadelphia District Attorney's Office informed Philadelphia Police Commissioner Ramsey that Defendants Spicer, Betts and Liciardello would no longer be permitted to be witnesses in narcotic cases due to an ongoing investigation regarding their credibility as police officers. Defendants Spicer, Betts and Liciardello were transferred out of the narcotic unit.

29. On July 30, 2014, Defendants Spicer, Betts and Liciardello were arrested and charged with racketeering conspiracy, civil rights violations, robbery and extortion.

30. On August 7, 2015, as a result of the Defendant Officers arrests, Plaintiff's September 8, 2008 conviction was reversed.

31. The Defendant officers, acting in concert and conspiracy, caused the Plaintiff to be unlawfully arrested, subjected to false criminal charges, malicious prosecution and prolonged detention by falsifying information in the arrest report, the 75-49, and at the preliminary hearing; failing to disclose to prosecutors the fact that the information provided to the authorities in support of the arrest was false and misleading, the information in supporting police documents was false and misleading

and his testimony at trial was false and misleading; fabricating evidence to support the claim that the Plaintiff was involved in criminal activity, and failing to disclose other exculpatory evidence regarding these criminal charges.

32. The only evidence leading to Plaintiff's conviction was derived from the false and misleading information provided by the Defendant Officers.

33. At the time of this incident, and for some years before, law enforcement at the highest levels knew of integrity, corruption, and civil rights violation issues involving some and/or all of the Defendant Officers. Federal agents and federal prosecutors knew. The current Philadelphia Police Commissioner, his predecessors, and some of his subordinates knew. Former District Attorney Lynn Abraham and some of her subordinates, as well as her successor in office knew. The basis of this knowledge was information from multiple sources including, but not limited to, federal investigations, questions raised by state and federal prosecutors, and other sources.

34. The foregoing conduct of the Defendant Officers, acting under the color of state law, was undertaken in concert and conspiracy and as part of an effort to unlawful arrest, maliciously prosecute and violate his right to due process of law and otherwise deprive Plaintiff of his civil and constitutional rights including Plaintiff's rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania.

35. Plaintiff did not commit any offenses against the laws of the Commonwealth of Pennsylvania, the United States or the City of Philadelphia, or engage in any conduct which justified the actions of all Defendants.

36. The unlawful arrest, detention and malicious prosecution in this case were the direct result of all Defendant Officers' pattern, practice and custom of subjecting citizens such as the Plaintiff to arrest, prosecution and incarceration in the absence of probable cause.

37. The Defendant officers acted willfully, deliberately, maliciously or with reckless disregard of the Plaintiff's constitutional and statutory rights.

38. As a direct and proximate result of the actions of all Defendant Officers, the Plaintiff suffered and continues to suffer physical and psychological harms, pain and suffering, damage to reputation, some or all of which may be permanent, as well as financial losses.

39. As a direct and proximate result of the actions of all Defendants Officers, the Plaintiff suffered his loss of liberty by being incarcerated for three (3) years.

40. All Defendant Officers engaged in the aforesaid conduct for the purpose of violating the Plaintiff's constitutional rights by subjecting the Plaintiff to unlawful arrest, malicious prosecution, and prolonged detention.

41. The actions and conduct of the Defendant Officers were caused by a policy, practice and custom of Defendant City of Philadelphia of failing, with deliberate indifference, to supervise, monitor, and properly train narcotics officers with respect to (a) their duty to provide only truthful information in securing search and arrest warrants, (b) their duty to ensure that relationships and dealings with confidential informants and/or sources are in accord with Police Department policy and constitutional commands, (c) their duty to disclose exculpatory evidence in criminal cases, (d) their duty not to undertake arrests in the absence of lawful grounds, (e) their

duty to provide accurate and truthful information to the prosecutor's office, (f) their duty to report and disclose misconduct and illegal actions of other police officers, (g) the proper execution of search warrants, and in particular prohibitions on searches that go beyond those authorized by the warrant, and/or involve the destruction or theft of property or evidence, and (h) the fabrication of evidence against an accused to justify their illegal actions and conduct.

42. Defendant City of Philadelphia has failed to properly discipline the Defendant Officers and other officers in the Police Department in cases involving violations of rights of civilians, including cases of improper searches, seizures, arrests, and prosecutions, thereby causing the violations in this case.

43. The above described actions of all of the Defendants caused the violations of the Plaintiff's rights under the Fourth and Fourteenth Amendment as alleged in this complaint.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

44. The allegations set forth in paragraphs 1-43 inclusive, are incorporated herein as if fully set forth.

45. As a direct and proximate result of Defendants' above described unlawful and malicious conduct, committed under the color of state law, and while acting in that capacity, the Defendants deprived Plaintiff of the equal protection of the laws and Plaintiff's rights, privileges and immunities under the laws and the Constitution of the United States. Plaintiff's right to be free from false arrest, false imprisonment, malicious prosecution, to be secure in one's person and property, to access to the

Courts, and to due process and equal protection of the law, all to Plaintiff's great detriment and loss. As a result, Plaintiff suffered grievous harm, in violation of his rights under the laws and Constitution of the United States in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

46. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff was forced to endure great pain and mental suffering, and was deprived of physical liberty, all to Plaintiff's great detriment and loss.

47. The City of Philadelphia permitted, encouraged, tolerated, ratified and was deliberately indifferent to a pattern, practice and custom of:

   a. Unjustified, unreasonable and illegal use of process by police officers;
   b. Abuse of police powers, including false arrest, malicious prosecution, harassment and improper searches;
   c. Misrepresenting facts in order to establish probable cause where none would otherwise exist;
   d. Arresting and incarcerating citizens without probable cause solely for the purpose of committing citizens to prison with no intention of seeking criminal prosecutions;
   e. Psychologically or emotionally unfit persons serving as police officers; and
   f. Failure of police officers to prevent, deter, report or take action against the unlawful conduct of police officers under such circumstances as presented herein.

48. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

   a. Unlawful detentions and unlawful arrests by police officers;
   b. The proper exercise of police powers, including but not limited to the use of false information to obtain search warrants, fabrication of evidence, unlawful arrest, malicious prosecution and unlawful detention;
   c. The monitoring of officers whom it knew or should have known were

    suffering from emotional and/or psychological problems that impaired their ability to function as officers;
d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;
e. Police officers' use of their status as police officers to employ the use of unlawful search and/or arrest, or to achieve ends not reasonably related to their police duties;
f. Police officers' use of their status as police officers to employ the use of unlawful arrest, invoke the Code of Silence, or to achieve ends not reasonably related to police duties;
g. The failure of police officers to follow established policies, procedures, directives and instructions regarding the securing of search warrants and the use of arrest powers under such circumstances as presented in this case;
h. The refusal of police officers to intervene when other officers violate the rights of citizens in their presence;
i. The failure to identify and take remedial or disciplinary action against units of officers assigned to narcotics investigations in light of repeated instances of misconduct over a period of many years as alleged in this Complaint; and
j. The refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

49. Defendant City of Philadelphia failed to properly train, supervise or discipline officers assigned to narcotics units of the Philadelphia Police Department who have engaged over a period of many years in systematic abuses of authority, including but not limited to: (a) the duty to provide only truthful information in securing search and arrest warrants, (b) the duty to ensure that relationships and dealings with confidential informants are in accord with Police Department policy and constitutional commands, (c) the duty to disclose exculpatory evidence in criminal cases, (d) their duty not to undertake arrests in the absence of lawful grounds, (e) the duty to provide accurate and truthful information to the prosecutor's office, (f) the duty to report and disclose misconduct and illegal actions of other police officers, (g) the improper execution of search warrants, and in particular prohibitions on searches that go beyond those

authorized by the warrant, and/or involve the destruction or theft of property or evidence, and (h) the fabrication of evidence against an accused to justify their illegal actions and conduct.

50. Defendant City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the Defendant officers in this case, to violate the rights of citizens such as the Plaintiff.

51. Defendant City of Philadelphia is deliberately indifferent to the need to train, supervise and discipline police officers. The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

- a. There are excessive and chronic delays in resolving disciplinary complaints;
- b. There is a lack of consistent, rational and meaningful disciplinary and remedial actions;
- c. There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct.
- d. The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;
- e. The PPD discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not being penalized in proportion to the number of violations.
- f. The conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations;
- g. A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;
- h. There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;
- i. The PPD lacks an effective early warning system to identify, track and

      monitor "problem" officers.
- j. Despite the fact that the Defendant officer had amassed an exceptionally large number of serious misconduct complaints, the officer stayed well below the radar of an early warning system;
- k. Despite numerous prior complaints against the Defendant officer, the PPD took no meaningful disciplinary or remedial actions;
- l. Despite numerous prior complaints against the Defendant officer, the PPD took no meaningful steps to more closely monitor, retrain and supervise the officer;
- m. IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases; and
- n. IAD fails to acknowledge the disproportionate and extreme use of force used by police officers in the investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force.

52. The City of Philadelphia was deliberately indifferent to the need for more or different training, supervision, investigation or discipline in the areas of:

- a. Use of information in obtaining probable cause;
- b. Exercise of police powers;
- c. Police officers with emotional or psychological problems;
- d. Police officers use of their status as police officers to have persons falsely arrested and maliciously prosecution and unlawfully searched or to achieve ends not reasonably related to their police duties; and
- e. False arrest, malicious prosecution and evidence planting of citizens.

53. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other police officers, thereby causing and encouraging police officers, including Defendants McCloskey, Spicer, Betts and Liciardello in this case, to violate the rights of citizens such as Plaintiff.

54. The City of Philadelphia failed to properly sanction or discipline officers and acquiesced to the Defendant officers' unlawful conduct after becoming aware that these particular officers engaged in the aforementioned conduct in cases dating back

to 2002 while concealing and/or aiding and abetting in the violations of constitutional rights of citizens by this police officer, thereby causing and encouraging police officers, including Defendants McCloskey, Spicer, Betts and Liciardello in this case, to violate the rights of citizens such as Plaintiff.

55. There has been a longstanding history, which has been extensively documented since the 1980s, of Philadelphia Police Officers engaging in rampant illegal conduct in narcotics investigations. A non-exhaustive list of such conduct includes:

   a. In the early 1980s, in the "One Squad Scandal" a group of Philadelphia narcotics Officers were convicted of selling drugs that they had stolen from dealers;
   b. During the decade between 1980-1989, a lieutenant and three officers from another drug unit, the "Five Squad" engaged in conduct including the theft of drugs and over $280,000.00 that resulted in federal convictions for, *inter alia*, racketeering;
   c. In or around February 1995, Philadelphia Police Officer John Baird and five other members of the 39th District were federally prosecuted and ultimately sentenced for violating the rights of, and stealing money from, over 40 Philadelphians. These Officers planted drugs on innocent individuals, conducted unreported raids, and stole from suspects;
   d. In 1997, federal drug convictions were overturned as a result of a 1998 internal affairs finding that narcotics officer John Boucher was a potentially corrupt police officer;
   e. In the last five years, numerous narcotics officers – including, as described *supra*, some and/or all of the Defendant Officers in this matter – have engaged in conduct causing them to have been removed from the narcotics assignments. In the last five years, as a result of a series of articles by Philadelphia Daily news reports known as "tainted Justice", Philadelphia Police Officers Jeffrey Cujdik, Richard Cujdik, Robert McDonnell, Thomas Tolstoy, Joseph Bologna and Thomas Dealer have all been assigned to either desk duty or non-narcotics related assignments. These officers engaged in raids of small convenience shops in Philadelphia in which they disabled surveillance systems to hide their conduct, which included theft of cash and groceries. Jeffrey Cujdik routinely alleged criminal behavior in search warrants involving confidential informant who subsequently denied having provided information or services on many of the cases in which Cujdik affirmed he had;

    f. In May of 2013, Philadelphia Police Officer Jeffrey Walker was arrested and charged in the United States District Court for the Eastern District of Pennsylvania for acts including, *inter alia*, "by means of actual or threatened force or violence or fear of injury, immediate and future to the victim's person, and by use of firearm; and by use of his position as a Philadelphia Police Officer, did obtain personal property, cash and marijuana unlawfully . . ." The criminal complaint against Defendant Walker described flagrant manner in which he unwittingly disclosed to an FBI informant his practiced schemes to rob drug dealers of both drugs and money. He described the manner in which he would confiscate a large portion of a drug dealer's drugs for himself and report only a small portion of what he actually found in the police report. In addition, he described a scam to plant drugs in a drug dealer's car so that he could arrest the drug dealer, take the drug dealer's keys, and then use the dealer's keys to enter the drug dealer's apartment and steal money.

56. The City of Philadelphia was aware and was deliberately indifferent to the unconstitutional acts and omissions of the Defendant officer when:

    a. Beginning in 2002, several legal complaints alleging civil and constitutional rights of false arrests, malicious prosecutions, falsifying documents and testimony alleging the violations of the constitutional rights of citizens by the Defendant officers were filed;

    b. In 2005, former Philadelphia Police Commissioner Sylvester Johnson testified at trial in the case of *Arnold Randall v City of Philadelphia, et al.*, C.A. No. 04-1081 regarding the customs, policies and procedures with respect to the narcotics units generally and specifically with regards to allegations that the Defendant officers engaged in false arrests, malicious prosecutions and fabrication of evidence;

    c. In 2005, IAD was authorized by the City of Philadelphia to investigate the numerous allegations of false arrests, malicious prosecution and fabrication claims against the Defendant officers, as well as other members of the narcotics units;

    d. In 2005 and later, the Philadelphia City Solicitor's Office was authorized by the City of Philadelphia to investigate the numerous allegations of false arrests, malicious prosecution and fabrication claims against the Defendant officers, as well as other members of the narcotics units;

    e. The City of Philadelphia was also aware that the federal authorities were investigating these same Defendant officers for several years for the violations of citizens' civil and constitutional rights during this period of time;

    f. In 2007, the City of Philadelphia was aware of the constitutional violations by these same officers and other officers in the narcotics units when the Third Circuit Court of Appeals denied the Defendant officers claim of

>
> Qualified Immunity due to their unlawful and unconstitutional actions in a case averring the same claims as this case – false arrest, malicious prosecution and falsification of documents. *See Andre Blaylock v City of Philadelphia, et al.* 504 F.3d 405 (3d Cir. 2007); and
>
> g. In December 2012, the Philadelphia District Attorney's Office informed Philadelphia Police Commissioner Ramsey that the Defendant officers would no longer be permitted to be witnesses in narcotic cases.

57. Defendant City of Philadelphia continued to permit, acquiesce, encourage, tolerate, ratify and has been deliberately indifferent to the unconstitutional acts and omissions by the Defendant officers despite the aforementioned allegations, investigations and Court holdings for years.

58. The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger or harm to citizens like the Plaintiff and the need for more or different training, investigation and discipline are policies and customs of the City of Philadelphia and have caused police officers, including Defendants McCloskey, Spicer, Betts and Liciardello in this case, to believe that he can violate the rights of citizens, with impunity, including the use of fraud and falsehood and to believe that such conduct would be honestly and properly investigated, all with the foreseeable result that officers are more likely to violate the constitutional rights of citizens.

59. The actions of all Defendants, acting under the color of state law and/or in concert or conspiracy with each other, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the rights to be secure in one's person and property, to be free from unlawful searches, from false arrest, malicious prosecution and to due process of law.

60. Defendants, City of Philadelphia and Defendants McCloskey, Spicer, Betts and Liciardello, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of his constitutional and statutory rights.

61. By these actions, all Defendants have deprived Plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

## PUNITIVE DAMAGES

62. Plaintiff re-alleges paragraphs 1-61 of this complaint as though fully set forth herein.

63. The conduct of Defendants McCloskey, Spicer, Betts and Liciardello was outrageous, malicious, wanton, willful, reckless and intentionally designed to inflict harm upon Plaintiff.

64. As a result of the acts of Defendants McCloskey, Spicer, Betts and Liciardello alleged in the preceding paragraphs, Plaintiff is entitled to punitive damages as to each cause of action.

## JURY DEMAND

65. Plaintiff demands a jury trial as to each Defendant and as to each count.

**WHEREFORE**, Plaintiff requests the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. A declaratory judgment that the practices and policies complained of are unconstitutional;

    d. Reasonable attorney's fees and costs; and

   e. Such other and further relief as appears reasonable and just.

DATED: September 27, 2016     /s/Michael Pileggi
                MICHAEL PILEGGI, ESQUIRE
                303 Chestnut Street
                Philadelphia, PA 19106
                Counsel for Plaintiff